IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CV-365-H

| | |
|---|---|
| SHARRON MARIE GLOVER-ARMSTEAD, JR., ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> NORTH CAROLINA DEPARTMENT ) </br> MOTOR VEHICLE, ) </br> ) </br> Defendant. ) | **ORDER and </br> MEMORANDUM AND </br> RECOMMENDATION** |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) (D.E. 1) by plaintiff Sharron Marie Glover-Armstead, Jr. ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively.

### ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated her inability to prepay the required court costs. Her motion to proceed *in forma pauperis* is therefore GRANTED.

### MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

**I.  BACKGROUND**

Plaintiff's complaint consists of a 4-page form (D.E. 1-1) completed in handwriting. It asserts allegations against defendant North Carolina Department of Motor Vehicles ("defendant") apparently arising out of its alleged failure to provide her with a copy of her

driving records and its alleged alteration of those records.[1]  (Compl. 2-3).  Plaintiff seeks the following relief:

> Damages (personal body injuries excessive walking.)  All claims pertaining to this civil.  Tort claims – altered records multiple criminal charges/misinformation awards – liability, insurers rights.  Labor-transportation.  Legal prosecution.  Pain and sufferage [sic] - no rights (denial of drivers records for drivers license renewal obstruction of justice.  Declaration of Independence of the Bill of Rights privileges human rights revenue rules regulations of law(s).  Relief prayer in God I trust.

(*Id*. 4) (standard capitalization substituted; punctuation original).

## II. DISCUSSION

### A. Applicable Legal Standards

The court must dismiss a case brought *in forma pauperis* if the court determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992).  A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred.  *Denton*, 504 U.S. at 33.

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32.  Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

---

[1]  Plaintiff has filed ten other cases in this court.  (Cases Nos. 5:12-CV-58-D, 5:12-CV-59-FL, 5:12-CV-125-H, 5:12-CV-221-D, 5:12-CV-363-D, 5:12-CV-364-F, 5:12-CV-365-H, 5:12-CV-366-F, 5:13-CV-76-FL, 5:13-CV-177-BO).  One of these cases was dismissed as frivolous, two were transferred to the Middle District of North Carolina, and the remaining seven, including the instant case, were referred to the undersigned for decision on informa pauperis motions and for frivolity reviews.

Such baseless claims include those that describe "fantastic or delusional scenarios." *Id*. at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)); *see also Todd v. Geneva Convention*, No. 3:08-660-MBS, 2008 WL 1339835, at *6 (D.S.C. 9 Apr. 2008) (holding in review for frivolousness that plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim).

### B. Failure of Plaintiff's Complaint to State a Claim

The court finds plaintiff's statement of her claims to be wholly insufficient to satisfy the pleading requirements of Fed. R. Civ. P. 8. As indicated, her complaint contains allegations suggesting that the gravamen of her suit is that defendant failed to provide her a copy of her driving records and altered the name on them. (Compl. 2-3). However, she does not allege the circumstances surrounding these purported acts or otherwise explicate the factual or legal basis for her claim. The remainder of the complaint merely recites a disjointed laundry list of accusations, including the following: discrimination, prejudice, defamation of character,

humiliation, intentional harm, being terrorized and abused, "denial of securities exchange," "void of contract," "void of good faith," fraud, extortion, embezzlement, malpractice, negligence, and international multiple criminal charges. (*Id.* 3) (standard capitalization substituted).

The court concludes that plaintiff's complaint fails to state a claim upon which relief may be granted. Accordingly, it will be recommended that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 4 April 2013, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 21st day of March 2013.

_____
James E. Gates
United States Magistrate Judge